IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BRUCE EDWARD GORDEN, §
TDCJ #02047079, §
 §
    Petitioner, §
 §
v. § CIVIL ACTION NO. H-18-0343
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice - Correctional §
Institutions Division, §
 §
    Respondent. §

## MEMORANDUM OPINION AND ORDER

The petitioner, Bruce Edward Gorden (TDCJ #02047079), is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Gorden has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a conviction from Harris County. The respondent has answered with a Motion for Summary Judgment with Brief in Support ("Respondent's MSJ")(Docket Entry No. 15), arguing that the Petition must be dismissed because the claims are unexhausted. Gorden has not filed a response and his time to do so has expired. After considering all of the pleadings, the exhibits, and the applicable law, the court will grant Respondent's MSJ and dismiss this action for the reasons explained below.

## I. **Procedural History**

On January 28, 2016, a jury in the 337th District Court for Harris County, Texas, found Gorden guilty of aggravated assault with a deadly weapon and sentenced him to 32 years' imprisonment in Cause No. 147369701010.[1] On direct appeal, Gorden challenged the sufficiency of the evidence and the trial court's admission of an impermissibly suggestive photo line-up.[2] An intermediate court of appeals rejected both arguments and affirmed the conviction in an unpublished opinion. See Gorden v. State of Texas, No. 01-16-00088-CR, 2016 WL 6803354 (Tex. App. — Houston [1st Dist.] Nov. 17, 2016). Gorden did not file a timely petition for discretionary review by the Texas Court of Criminal Appeals.[3]

In a Petition that is dated January 30, 2018,[4] Gorden now seeks federal habeas corpus review of his conviction under 28 U.S.C. § 2254, arguing that he is entitled to relief for the following reasons:

1. He was denied effective assistance of counsel when his trial attorney failed to subpoena two eyewitnesses (Rosalind Wade and Joyce Joseph-Gorden).

2. The evidence was insufficient to support his conviction.

---

[1]Petition, Docket Entry No. 1, pp. 2-3; Judgment of Conviction by Jury, Docket Entry No. 16-6, p. 9.

[2]Appellant's Brief, Docket Entry No. 16-21, p. 10.

[3]Petition, Docket Entry No. 1, p. 3.

[4]Id. at 11.

3. The trial court erred by overruling his objection to the impermissibly suggestive photo line-up that was used for his identification.

4. The prosecutor knowingly used perjured testimony from a police officer.

5. He was denied effective assistance of counsel on direct appeal when his attorney failed to inform him of his right to file a petition for discretionary review.[5]

Noting that the Texas Court of Criminal Appeals recently reinstated Gorden's right to file an out-of-time petition for discretionary review, the respondent argues that his conviction is not final and that the pending Petition should be dismissed without prejudice for lack of exhaustion.[6]

## II. Discussion

Under the governing federal habeas corpus statutes "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial

---

[5]Petition, Docket Entry No. 1, pp. 6-7.

[6]Respondent's MSJ, Docket Entry No. 15, pp. 10-12.

-3-

opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of an available state corrective process or where circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." Moore, 454 F.3d at 491 (quoting Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To exhaust remedies in Texas a criminal defendant must complete one or both of the following procedural options: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See Tex. Code Crim. Proc. art. 11.07 § 3(c); see also Busby v. Dretke, 359 F.3d

-4-

708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Records provided by the respondent reflect that Gorden attempted to raise his claims for review before the Texas Court of Criminal Appeals in a state habeas corpus application under Article 11.07, but that his application was "dismissed" on January 10, 2018, for failure to comply with procedural filing requirements.[7] Because this application was not presented to the state courts in a procedurally proper manner, there was no final disposition of the proposed claims on the merits and the exhaustion requirement is not satisfied. See McGee v. Estelle, 704 F.2d 753, 678 (5th Cir. 1983) (citing Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982); Brown v. Estelle, 530 F.2d 1280, 1283-84 (5th Cir. 1976)); see also Ex parte Torres, 943 S.W.3d 469, 472 (Tex. Crim. App. 1997) (holding that, in Texas, the "denial" of a habeas application signifies a "final disposition" or adjudication on the merits while a "dismissal" means the application was declined "for reason unrelated to the merits").

Gorden promptly filed another state habeas application, which the Texas Court of Criminal Appeals granted, in part, on June 6, 2018, allowing Gorden to file an out-of-time petition for

---

[7]Action Taken on Writ No. 87,748-02, Docket Entry No. 16-30, p. 1.

discretionary review.[8] Until the Texas Court of Criminal Appeals adjudicates Gorden's out-of-time petition for discretionary review, his judgment of conviction is not final for purposes of seeking federal habeas corpus review. See Jimenez v. Quarterman, 129 S. Ct. 681, 686 (2009) ("We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review . . . his judgment is not yet 'final' for purposes of [28 U.S.C.] § 2244(d)(1)(A).").

After the Texas Court of Criminal Appeals has decided Gorden's out-of-time petition for discretionary review, he will have the opportunity to pursue state habeas review of his remaining claims, if necessary, by filing another application under Article 11.07. Because the Texas Court of Criminal Appeals has not yet addressed the merits of all of his claims,[9] Gorden has not yet satisfied the exhaustion requirement. Under these circumstances, comity requires this court to defer until the Texas Court of Criminal Appeals has completed its review. Accordingly, the court will grant Respondent's MSJ and dismiss this case as premature.

### III. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when

---

[8]Opinion, Docket Entry No. 16-45, pp. 1-2.

[9]Because Gorden has been granted leave to file an out-of-time petition for discretionary review, his ineffective-assistance claim (Claim 5) against his appellate attorney is now moot.

entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (quoting Barefoot v. Estelle, 103 S. Ct. 3383, 3394 n.4 (1983)). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate that the petitioner has not yet exhausted

-7-

available state court remedies or that the Petition is premature. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The respondent's Motion for Summary Judgment (Docket Entry No. 15) is **GRANTED**.

2. Bruce Edward Gorden's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 30th day of July, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE